FILED

**NOT FOR PUBLICATION**

JAN 19 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANUSH YELAGHATYAN, | No. 08-70761 |
| Petitioner, | Agency No. A098-453-609 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Anush Yelaghatyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we review de novo claims of due process violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the numerous incidents of harassment and discrimination that Yelaghatyan suffered on account of her Pentecostal religion, even taken cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). Further, substantial evidence supports the agency's findings that because Yelaghatyan practiced her religion without interference for the most part and because she relocated to her sister's home without harm prior to leaving Armenia, she did not establish a well-founded fear of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (IJ and BIA entitled to rely on all relevant evidence in the record to determine whether petitioner has a well-founded fear of future persecution). Accordingly, her asylum claim fails.

Because Yelaghatyan did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

2                                                                              08-70761

Contrary to Yelaghatyan's due process contention, the BIA did not err in declining to address her CAT claim in its decision because she made no mention of her CAT claim in her brief to the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish due process violation).

**PETITION FOR REVIEW DENIED.**

08-70761